In the Matter of GEORGE W. EGBERT, as Superintendent of Banks of the State of New York, Respondent, against JOHN N. HARMAN, as Clerk of the County of Kings, Appellant.

(Submitted November 18, 1936; decided December 31, 1936.)

*Hector McG. Curren* for appellant.

*Henry L. Bayles, Edward Feldman* and *Carl J. Austrian* for respondent.

CRANE, Ch. J. Fees of the Clerks of the counties of New York, Richmond, Kings, Bronx and Queens are scheduled in section 1557-a of the Civil Practice Act.

The County Law (Cons. Laws, ch. 11, § 161, subds. 6 and 7) reads as follows:

" § 161. General powers and duties. The county clerk shall: * * *

" 6. Keep in his office a book, free at all times to public inspection, in which shall be entered all fees charged or

received by him for any official service, the time of receiving it, its nature, and the persons for whom rendered.

"7. Except as otherwise specially prescribed by law, each county clerk or register, who receives a salary, must account for, under oath, and pay to the treasurer of his county, in the manner prescribed by law, all fees, perquisites, and emoluments, received by him, for his official service. This subdivision also applies to the county of New York."

And section 70 of the Public Officers Law (Cons. Laws, ch. 47) reads as follows:

"Accounting for fees. Where a public officer is required, by law, to keep an account of, or to pay over, the fees or other moneys, received by him for official services, he must include therein all sums, received by him, to which he was entitled, by reason of any act, performed by him in his official capacity; whether the act did or did not pertain to his office, or to the business thereof."

Thus we see that a salaried County Clerk is under an official duty to collect the fees specified by law and obliged to turn them over to the county as county funds for public use. Unless there is some special direct act modifying these provisions and taking away the fees from the public, these statutes must be given force and effect. The fees collected are not for the benefit of the County Clerk. He is merely under a duty to collect them. The fees are for the benefit of the public to help reduce the expense of maintaining the offices.

With this background we approach the question, whether the Banking Law (Cons. Laws, ch. 2) and the Insurance Law (Cons. Laws, ch. 28) have abolished some of these fees in the interests of a special class, a very small class when compared with the city as a whole.

The Banking Law of this State, sections 57 to 83, deals with the powers of the Superintendent of Banks in taking possession of delinquent or insolvent banks. Unless business is resumed after he takes possession, liquidation proceedings follow which have all the form of a receiver-

ship; assets are collected and creditors paid *pro rata.*
The statute provides for the payment of these debts,
including the expenses of liquidation. Section 63 reads
as follows: " Payment by superintendent of expenses of
liquidation. The superintendent shall pay out of the
funds in his hands, of such corporation or private banker,
all expenses of liquidation, subject to the approval of the
supreme court in the judicial district in which the principal
office of such corporation or banker is located, and upon
notice of the application for such approval to such cor-
poration or banker. He shall, in like manner, fix and
pay the compensation of special deputy superintendents,
assistants, counsel and other employees appointed to
assist him in such liquidation pursuant to the provisions
of this article. But a special deputy who, as examiner
acting under commission from the superintendent, has
previously examined the books, papers and affairs of such
corporation or banker, shall not receive compensation
as such special deputy which exceeds by more than five
dollars a day the per diem compensation received by him
as examiner at the time of making such examination."

All the expenses, it will be noticed, shall be paid out of
the funds collected, not out of the taxpayers. The
expenses necessarily include all the fees of public officers
specified in the section of the Civil Practice Act, above
referred to — fees for recording instruments, transcripts
thereof and other matters. This section, however, must
be read in connection with section 71. This reads as
follows: " Superintendent's power to sue, execute instru-
ments, *et cetera,* for delinquent; actions and proceedings
preferred; exemption from filing fees. For the purpose
of executing any of the powers and performing any of the
duties hereby conferred upon him, the superintendent
may, in the name of the delinquent corporation or private
banker, prosecute and defend any and all actions and
legal proceedings. Any such action or proceeding, upon
application of the superintendent, shall be entitled to the
same preference to which an action or proceeding by or

against a receiver appointed by the court is entitled in any court of the state. He may, in the name of the delinquent corporation or banker, execute, acknowledge and deliver any and all deeds, assignments, bills of sale, releases, extensions, satisfactions and other instruments necessary and proper to effectuate any sale, lease or transfer of real or personal property or to carry into effect any power conferred or duty imposed upon him by this article or by order of the supreme court. Any instrument executed pursuant to the authority hereby given shall be as valid and effectual for all purposes as though the same had been executed by the officers of the delinquent corporation by authority of its board of directors, or by the private banker personally. The superintendent shall not be required to pay any fee to any public officer for filing or recording any paper or instrument executed in pursuance of any power conferred on him by this section."

We think this provision must be taken as it reads, and not be given a wider interpretation than the words themselves will bear. The Superintendent is given here specific powers in the name of the corporation to execute and sign any instrument " to carry into effect any power conferred or duty imposed upon him by this article or by order of the Supreme Court." Any instrument thus executed by him shall be recorded free of charge. This is the meaning of the words of the last sentence — " The superintendent shall not be required to pay any fee to any public officer for filing or recording any paper or instrument executed in pursuance of any power conferred on him by this section." This means, for it so states, a paper or instrument executed by the Superintendent in pursuance of the power given by the section. It cannot be extended, in our judgment, to mean anything else. This is in harmony with our ruling in *Van Schaick* v. *Jacoby* (266 N. Y. 517), even though the exemption from filing fees in that case was much broader than the exemption here.

The transcript of a judgment not falling within the papers classed in section 71, the Superintendent of Banks was obliged to pay a fee for recording with the County Clerk and charge it to the expenses of liquidation.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.